UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STRATEGIC PACKAGING SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-55-JRG-HBG |
| | ) | |
| PETER F. DAVIN, ESQ., | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Intervene [Doc. 9], filed by Aquatic Designing, Inc., d/b/a/ North Coast Fabricators ("NCF"). The parties appeared telephonically before the Court on June 6, 2017, for a hearing on the motion. Attorney Donald Aho was present on behalf of the Plaintiff. Attorneys Gregory Brown and Christopher Field appeared on behalf of the Defendant and NCF.[1]

In its Motion, NCF states that Defendant Davin filed a Counter-Complaint with the Court seeking to establish and enforce his rights against the Plaintiff under the terms of a Letter Agreement between the parties. NCF states that it is a party to the same Letter Agreement and is similarly situated to Defendant Davin under the terms of the Letter Agreement. NCF asserts that pursuant to Federal Rule of Civil Procedure 24(a)(2), it should be allowed to intervene as a matter of right because it holds substantially similar rights under the Letter Agreement and has an interest

---

[1] The Court notes that Defendant Davin has filed a Counter-Complaint. The Court will refer to Strategic Packaging Systems, LLC, as the Plaintiff and Peter Davin as the Defendant for purposes of clarity.

in the transaction that is subject to this action. Further, NCF explains that the Court will be required to determine whether there has been a breach by the Plaintiff and, if so, whether there are royalties to be paid. NCF continues that Defendant Davin would be entitled to half of such royalties, while NCF would be entitled to the remaining half.

The Plaintiff filed a Response [Doc. 11] to the Motion. The Plaintiff states that it is interested in the complete adjudication of all claims relating to the alleged contract at issue. The Plaintiff argued, however, that the Letter Agreement was executed on behalf of North Coast Fabricators and not Aquatic Designing, Inc. The Plaintiff asserts that the record contains conflicting information as to whether Aquatic Designing, Inc., is a signator to the alleged agreement and a real party in interest for purposes of this action.

As noted above, the parties appeared for a telephonic hearing on June 6, 2017. During the telephonic hearing, the Plaintiff stated that it does not object to resolving all disputes in one setting and that its concern with respect to the real party in interest can be resolved by the parties.

The Court finds NCF's request well-taken. Federal Rule of Civil Procedure 24(a)(2) provides that the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See also* Fed. R. Civ. P. 24(b)(1)(B) (explaining that the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact"). At this time, NCF claims that it is a party to the Letter Agreement, the subject of the lawsuit, and that royalties pursuant to the Letter Agreement are owed to it. Further, the Plaintiff does not object to the complete adjudication of all claims relating to the Letter Agreement and states that the issue regarding the real party in

interest may be resolved by the parties.  Accordingly, the Motion to Intervene [**Doc. 9**] is **GRANTED**.  The Court further **ORDERS** NCF to file its Intervening Complaint [Doc. 9-1] in CM/ECF on or before **June 26, 2017.**

    **IT IS SO ORDERED.**

    ENTER:

_____
United States Magistrate Judge